IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAJ. BRIAN W. FITZGERALD, and<br>LEAH FITZGERALD,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE<br>ASSOCIATION, a Texas Corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. CIV-11-1291-M<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Before the Court is plaintiffs Maj. Brian W. Fitzgerald ("Brian") and Leah Fitzgerald's ("Leah") Motion to Remand, filed November 16, 2011. On December 7, 2011, defendant filed its response,[1] and on December 14, 2011, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

In or about September 2006, Brian was deployed to serve a tour of duty overseas. On or about September 29, 2006, plaintiffs converted their homeowners policy with defendant to fire policy during the time when Brian was serving his tour of duty and their family was out of the country.

In or about December 2008, Brian and his family returned to the United States. On or about December 21, 2008, Brian contacted the insurance company to convert his policy back to a homeowners policy. According to plaintiffs, on or about December 23, 2008, defendant cancelled the fire policy on plaintiffs' property and issued plaintiffs a homeowners policy.

---

[1] In its response, defendant also moves to dismiss plaintiffs' American with Disabilities Act ("ADA") claim. The Court declines to address this motion as it fails to comply with the format requirements proscribed under Local Civil Rule 7.1(c).

On or about December 29, 2008, Brian found his property vandalized. Brian reported the loss to defendant. Plaintiffs allege that, on January 2, 2009, defendant denied plaintiffs' coverage for their loss based upon a provision in their homeowners policy that excluded coverage for vandalism if the property was vacant for more than 180 consecutive days prior to the loss.

On May 6, 2009, plaintiffs filed their Petition in the District Court of Pottawatomie County, State of Oklahoma. Plaintiffs' Petition alleges claims for breach of contract and bad faith.

In response to defendant's request for admissions, Leah asserted that defendant violated the ADA. Defendant's Response to Plaintiff's Motion to Remand Or in the Alternative Motion to Dismiss [docket no. 9], Ex. 1. As a result, defendant removed this action to federal court on the grounds that Leah's response invoked federal jurisdiction.

II. Standard

In a removal case, "[t]he removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 Fed. App'x 81, 83 (10th Cir. 2005). Removal statutes are construed narrowly; uncertainties are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

III. Discussion

Plaintiffs assert that there is no federal jurisdiction as plaintiffs' Petition does not allege any ADA violations. Defendant contends that the Court has federal jurisdiction because Leah's response constitutes an "other paper" under 28 U.S.C. § 1446(b).

Pursuant to § 1446(b):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

Additionally, the Tenth Circuit "requires clear and unequivocal notice from the pleading itself, or a subsequent 'other paper' such as an answer to interrogatory." *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998). Courts within the Tenth Circuit have further concluded that a response to a request for admissions constitutes "other paper" under § 1446(b). *See e.g., Murchinson v. Progressive N. Ins. Co.*, 564 F. Supp. 2d 1311, 1314 (E.D. Okla. 2008); *Theis v. El Fenix Corp.*, 748 F. Supp. 810, 810-11 (W.D. Okla. 1990).

Here, the Court finds that defendant has established federal jurisdiction based upon Leah's response to defendant's request for admission. In her response to the request for admission, Leah provided clear and unequivocal notice of an ADA claim by stating: "[defendant's] is now attempting to violate [Leah's] rights under the ADA to discriminate against her by using her previous mental disability against her in this litigation . . . . Plaintiff will assert each and every right she has under law." Furthermore, it is uncontested that defendant filed its notice of removal within thirty days of Leah's response to the request for admission.

Therefore, the Court finds that this matter should not be remanded.

IV. <u>Conclusion</u>

Accordingly, the Court DISMISSES plaintiff's Motion to Remand [docket no. 7].

**IT IS SO ORDERED this 29th day of December, 2011.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

3